HELEN L. LANE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lane v. Commissioner
Docket No. 42837-85
United States Tax Court
T.C. Memo 1994-381; 1994 Tax Ct. Memo LEXIS 388; 68 T.C.M. (CCH) 375; 94-2 U.S. Tax Cas. (CCH) P47,943; August 15, 1994, Filed *388 Decision will be entered under Rule 155. Helen L. Lane, pro se. For respondent: Lisa K. Hartnett. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6653(a)(2) Sec. 6654 1979
$ 1,235
$   309
$  62
$  51
1980
2,005
501
100
128
1981
4,788
1,197
239 *
367
1982
4,457
1,025
223 *
434
1983
3,754
863
188 *
230
* 50 percent of the interest due on the deficiency.
Helen L. Lane (petitioner) is an individual who resided in Fairmont, Minnesota, at the time the petition was filed in this case. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. Petitioner and her mother Theresa Lane (Theresa) were the joint legal owners of two parcels of farmland in Hall County, Nebraska, during 1979, 1980, and 1981 until May 30, 1981, when petitioner's mother died. After her death, petitioner, as surviving joint owner, was the sole owner of the *389 farm properties. On December 19, 1977, Howard S. Hinman (Hinman) was appointed by the County Court of Hall County, Nebraska, to be the conservator of petitioner, charged only with the management of the farm property, which petitioner owned jointly with her mother. The pertinent portions of the order of appointment of the County Court of Hall County, Nebraska, read as follows: 4. That Helen Lane is the joint owner with Theresa Lane of two quarter sections of farm land in Hall County, Nebraska, and that Helen Lane is unable to manage the business affairs in conjunction with the operation of farm lands in Hall County, Nebraska, and that it is necessary for a conservator [sic] be appointed to manage the farm properties only. 5. That Howard S. Hinman is a proper person to act as conservator to manage the farm property and that he be appointed to act as conservator with respect to the affairs of Helen Lane. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that a conservatorship be established for Helen Lane, a protected person, and that Howard S. Hinman be appointed conservator, and letters of conservatorship shall be issued upon said appointee accepting anf [sic] filing *390 an approved bond in the amount of $ 30,000.00, of Helen Lane's estate to manage the farm property jointly owned by Helen Lane.
Pursuant to the above order, Mr. Hinman, as conservator, filed periodic reports of income and expense concerning the operation of petitioner's property. These reports, however, did not purport to be a complete accounting of all of petitioner's income and expense. Instead, the reports of the conservator, which are in the record herein, appear generally to report income related to petitioner's farm operation, bank interest, and expenses related thereto, including payments for petitioner's benefit and the benefit of Theresa Lane, petitioner's mother. Petitioner did not file income tax returns for the years 1979 through 1983, nor did Mr. Hinman. Whether she filed returns for years later and prior to this period is not known. Mr. Hinman's periodic reports of income and expense for the period involved in this case were filed with the County Clerk of Hall County, Nebraska, and were matters of public record. Upon audit, and determining that petitioner had not filed income tax returns for the years here in issue, respondent issued to her a statutory notice *391 of deficiency in the amounts, together with additions to tax, that we have indicated above. Petitioner appealed to this Court from such determination. At trial and on brief, respondent has conceded the following matters: 1. That petitioner was not liable for additions to tax under sections 6651(a) and 6653(a). 2. That petitioner was entitled to a personal exemption of $ 1,000 for each of the years 1981, 1982, and 1983. 3. That petitioner was entitled to a $ 200 interest exclusion from her income for 1981. 4. That petitioner and her late mother Theresa were equal partners in the farm property in Nebraska in which petitioner had an undivided interest until Theresa's death in 1981, when petitioner succeeded to the entire interest. This constitutes a concession from the original statutory notice of deficiency, which contained respondent's determination that petitioner had a 64-percent undivided interest in said property. 5. Respondent conceded that the gross income of petitioner in the statutory notice should be reduced for the years involved to the following amounts: Year
1979
$ 19,455.71
1980
20,291.38
1981
33,898.58
1982
39,517.22
1983
39,000.00
6. Respondent *392 further "conceded" changes in petitioner's allowable deductions for the years and in the amounts as follows: Year
1979
$ 13,364.50
1980
9,930.05
1981
22,761.72
1982
25,397.88
1983
21,459.37
At trial, apart from a rather sketchy stipulation from the parties, in which some of the above concessions by respondent were contained, there was no presentation of evidence by petitioner with respect to the amount of her taxable income for the years in question, or of any errors committed by respondent with respect thereto. To the contrary, petitioner's entire case presented to the Court (she filed no brief herein) was devoted to an attempt to show that her partial conservator, Mr. Hinman, was required to file her tax returns, which he admittedly did not do, and that therefore he, rather than petitioner, was the person responsible for her income taxes involved herein. It is established law that, with respect to ordinary issues raised by a petitioner in this Court, petitioner has the burden of proof on the issues presented, "except as otherwise provided by statute or determined by the Court; and except that, in respect of any new matter, increases in deficiency, and affirmative *393 defenses, pleaded in the answer, it shall be upon the respondent." Rule 142(a); . The case has been narrowed somewhat by the stipulation of the parties and by the various concessions that respondent has made herein, as hereinbefore noted. One problem exists, however. As can be seen, respondent conceded in part the amounts of gross income that she had determined against petitioner for each of the years involved, which we have noted. These amounts of concession by respondent simply reduce the amount of deficiency of tax that would result from a Rule 155 computation and, as such, respondent's presumption of correctness with respect to the balance is not disturbed. However, respondent also undertook to change the amounts of allowable deductions as determined in her statutory notice. For the years 1981, 1982, and 1983, such revised amounts of allowable expenses were larger than the amounts allowed by respondent in her statutory notice, and thus are also allowable concessions by respondent, reducing petitioner's taxable income. However, with respect to the years 1979 and 1980, respondent undertook to reduce *394 the amount of expenses that were allowable to the amounts of $ 13,364.50 and $ 9,930.05, respectively, as compared to the amounts of deduction allowed in the statutory notice herein for these years, which were $ 15,448 and $ 10,650, respectively. Since the effect of these adjustments would increase the amount of petitioner's taxable income by reducing the amount of allowable expenses, this "concession" by respondent in fact amounts to raising a new matter that would increase petitioner's deficiency in those years and thus is a new matter which respondent has not pleaded, as to which respondent would have the burden of proof, and as to which respondent has presented nothing. Rule 142(a). Accordingly, such alleged "concessions" of allowable expenses for the years 1979 and 1980 will be ignored herein. We turn now to the principal and only argument that petitioner herein has advanced -- that Mr. Hinman, having been appointed her partial conservator with respect to her farm property in Nebraska, was the person who had the obligation to file her income tax returns and pay her taxes. Section 6212(a) provides: If the Secretary determines that there is a deficiency in respect of *395 any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. In turn, section 6213(a) provides in relevant part: Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *
Pursuant to section 6212(a), respondent sent a statutory notice of deficiency to this petitioner where she then lived in Fairmont, Minnesota. Petitioner timely filed a petition for redetermination of tax with this Court in her own name, and signed the petition herself. Petitioner is accordingly properly before this Court. Concerning who is a proper party before this Court, Rule 60(a)(1) provides in relevant part: A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency) * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person. * *396 * * Furthermore, Rule 60(c) provides: The capacity of an individual, other than one acting in a fiduciary or other representative capacity, to engage in litigation in the Court shall be determined by the law of the individual's domicile. * * * The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived. Finally, Rule 60(d) provides in relevant part: Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may bring a case or defend in the Court on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may act by a next friend or by a guardian ad litem. * * *
In the instant case, as we have shown, respondent sent a notice of deficiency to petitioner, who filed a petition with this Court, attaching a copy of said statutory notice, as our Rules provide. Mr. Hinman, appointed by the County Court of Hall County, Nebraska, to manage petitioner's farm property, was specifically *397 appointed for that purpose only. The order of the State court did not purport to appoint him as the "general guardian, committee, conservator, or other like fiduciary" (see Rule 60(d), supra) of this petitioner. If the County Court of Hall County, Nebraska, had done so, then arguably Mr. Hinman, as conservator, would have been a proper person to file returns for petitioner and to file a petition with this Court on her behalf. That, however, is not the case. The order of the Nebraska court is specific as to the limitations of Mr. Hinman's authority as conservator, being confined solely to the management of petitioner's farm property. There is no suggestion, either explicit or implicit, that Mr. Hinman was being made responsible for petitioner's affairs generally, outside the management of the farm properties, and that such general responsibility and authority included the return preparation, filing, and payment of income tax on petitioner's behalf. The Nebraska court's order may fairly be read to the contrary. The sum of it is that we hold that petitioner was never declared an incompetent person by the County Court of Hall County, Nebraska, and that when Mr. Hinman was appointed *398 conservator by said court, he was appointed for the limited purpose of managing petitioner's farm property, and that such appointment did not carry with it the obligation to file income tax returns and pay income tax on petitioner's behalf. Petitioner was the proper person to file a petition in this Court, and she did. Except as stipulated by the parties and conceded by respondent, she has failed to show error in respondent's determination. Sections 6212(a) and 6213(a), quoted supra, provide that if the Commissioner determines a deficiency against a taxpayer, then such taxpayer may file or petition for redetermination with this Court. Such taxpayer may be represented in this Court as prescribed in Rule 60. Petitioner received the statutory notice of deficiency addressed to her, and she properly filed a petition herein. Nowhere was Mr. Hinman mentioned, and he has not attempted to enter this litigation. It does not appear to us that he had any obligation with respect to petitioner's taxes, nor any standing to represent petitioner herein. This Court has no jurisdiction to award a decision for or against him. If petitioner believes that she had a right to have her *399 tax returns prepared and paid by Mr. Hinman, she will have to vindicate that right in another place. Decision will be entered under Rule 155.